FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 08 2012

JAMES W. McCORMACK, CLERK
By:_____
                        DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

v.

STEVEN ALAN STANDRIDGE

4:12CR 00217 KGB
18 U.S.C. § 1349
18 U.S.C. §1344
18 U.S.C. §1957
18 U.S.C. § 1014
18 U.S.C. § 2

INDICTMENT

THE GRAND JURY CHARGES THAT:

COUNT ONE

A.      At all times material herein:

1.      STEVEN ALAN STANDRIDGE owned, operated and/or managed various
independent insurance agencies in the State of Arkansas and elsewhere.  Through the insurance
agencies and the insurance companies they did business with, STEVEN ALAN STANDRIDGE
provided workers compensation insurance, general liability insurance, property insurance, bonds,
and other insurance coverage to various people and their companies including, but not limited to,
Danny Wood and Gregory A. Hunt.

2.      Danny Wood owned and operated several lumber companies in the State of
Arkansas and State of Oklahoma, to include, Wood Lumber Westside, J&D Lumber, Wood
Lumber Company, Idabel Reman, Inc., Southeast Machine, Inc., Custom Lumber Work, Inc., and
Wood Lumber Warren.

3.      Gregory A. Hunt owned Quest Construction Company, a construction company
formed in the State of Arkansas.  Along with family members, Gregory A. Hunt owned and
operated other construction companies in the State of Arkansas, to include, RGS Communities,
LLC, and HUNCO Builders, Inc.

4.      Chambers Bank, Bank of Star City, and Bank of Delight are financial institutions whose deposits are insured by the Federal Deposit Insurance Corporation.

5.      Premium finance companies are companies which enter into premium finance agreements for the financing of insurance premiums.  Some premium finance companies are Premium Finance Specialist, Premium Advanced Corporation, Cornerstone Finance Company, First Insurance Funding, and Premium Assignment Corporation.

6.      Premium Finance Agreements involve loans to a person or company to cover the cost of an insurance premium.  The insurance policy serves as the collateral for the loan.

B.      Beginning on or about November 21, 2008 and continuing through on or about February 4, 2010,  in the Eastern District of Arkansas and elsewhere, the defendant,

STEVEN ALAN STANDRIDGE

conspired with Danny Wood, Gregory A. Hunt, and with others known and unknown to the Grand Jury, to commit certain offenses against the United States, that is to defraud a financial institution and to obtain moneys, funds, and credits owned by or under the custody and control of a financial institution by means of false and fraudulent pretenses, representations, and promises in violation of Title 18, United States Code, Section 1344.

OBJECTS OF THE CONSPIRACY

C.      It was part of the conspiracy that:

1.      STEVEN ALAN STANDRIDGE arranged for Danny Wood, Gregory A. Hunt, and their various companies to obtain premium finance loans with premium finance companies and various financial institutions.  The proceeds of these loans were ultimately paid to STEVEN ALAN STANDRIDGE.

2.      STEVEN ALAN STANDRIDGE and Gregory A. Hunt would provide false financial information to financial institutions in support of the loans.

3.      After financing was obtained, STEVEN ALAN STANDRIDGE was responsible for purchasing the insurance policies associated with the loans.  In some instances, STEVEN ALAN STANDRIDGE would purchase policies and cancel them soon thereafter.  In other instances, STEVEN ALAN STANDRIDGE did not purchase the policies listed as collateral in the premium finance agreements.

4.      STEVEN ALAN STANDRIDGE, Danny Wood, and Gregory A. Hunt knew that in certain circumstances, the insurance policies associated with the premium finance agreements were not needed either because the companies for which the insurance policies were intended were out of business or because work was not being performed which required the stated insurance policy.

5.      STEVEN ALAN STANDRIDGE, Danny Wood, and Gregory A. Hunt utilized the funds obtained for purposes other than that set forth in the loan agreements.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO

A.    On or about April 9, 2009, at the request of STEVEN ALAN STANDRIDGE, Bank of Delight issued a premium finance loan for $350,000 with the borrower listed as Wood Lumber Westside. The collateral for the premium finance loan was purported to be an insurance binder. That binder was never purchased.

B.    The proceeds of the loan were deposited into a Bank of Delight account entitled Danny Wood/Wood Lumber Co., Inc. The funds were wire-transferred on the same date to a First Service Bank account entitled Steve Standridge Insurance.

C.    On or about April 10, 2009, in the Eastern District of Arkansas,

### STEVEN ALAN STANDRIDGE

knowingly engaged in a monetary transaction in the amount greater than $10,000.00 with proceeds obtained from bank fraud; to wit, after the deposit of the funds into the Steve Standridge Insurance account set forth in paragraph B, $359,408.68 was wire-transferred to a Midfirst Bank account entitled Express Premium Finance Co.

All in violation of Title 18, United States Code, Section 1957.

4

## COUNT THREE

A.    The Grand Jury hereby re-alleges Paragraphs A1-A6 of Count One and incorporates them herein by reference.

B.    On or about May 22, 2009, in the Eastern District of Arkansas and elsewhere,

### STEVEN ALAN STANDRIDGE

and Danny Wood, aiding and abetting one another, did knowingly execute and attempt to execute a scheme and artifice to defraud Chambers Bank, a financial institution, by obtaining a premium finance loan in the name of J&D Lumber for which the stated collateral insurance policy was never purchased.

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FOUR

A.    The Grand Jury hereby re-alleges Paragraphs A1-A6 of Count One and incorporates them herein by reference.

B.    On or about May 22, 2009, in the Eastern District of Arkansas and elsewhere,

### STEVEN ALAN STANDRIDGE

and Danny Wood, aiding and abetting one another, did knowingly execute and attempt to execute a scheme and artifice to defraud Chambers Bank, a financial institution, by obtaining a premium finance loan in the name of Wood Lumber for which the stated collateral insurance policy was never purchased.

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FIVE

A.    The Grand Jury hereby re-alleges Paragraphs A1-A6 of Count One and incorporates them herein by reference.

B.    On or about June 19, 2009, in the Eastern District of Arkansas and elsewhere,

### STEVEN ALAN STANDRIDGE

did knowingly execute and attempt to execute a scheme and artifice to defraud Bank of Star City, a financial institution, by obtaining a premium finance loan in the name of Wood Lumber Westside for which the stated collateral insurance policy was not purchased with the proceeds of the loan.

All in violation of Title 18, United States Code, Section 1344.

## COUNT SIX

A.    The Grand Jury hereby re-alleges Paragraphs A1-A6 of Count One and incorporates them herein by reference.

B.    On or about August 5, 2009, in the Eastern District of Arkansas and elsewhere,

### STEVEN ALAN STANDRIDGE

and Danny Wood, aiding and abetting one another, did knowingly execute and attempt to execute a scheme and artifice to defraud Chambers Bank, a financial institution, by obtaining a premium finance loan in the name of Wood Lumber Westside for which the stated collateral insurance policy was never purchased.

All in violation of Title 18, United States Code, Sections 1344 and 2.

6

COUNTS SEVEN THROUGH TEN

On or about the dates set forth below, in the Eastern District of Arkansas and elsewhere,

STEVEN ALAN STANDRIDGE

knowingly engaged in the monetary transactions in the amount greater than $10,000.00 as set

forth below with proceeds obtained from the bank fraud alleged in Count Six:

| Count | Date | Check Number | Amount | Payee |
|-------|------|--------------|--------|-------|
| Seven | August 6, 2009 | 4556 | $47,000.00 | Steve Standridge Insurance |
| Eight | August 6, 2009 | 4558 | $25,000.00 | Bondamerica |
| Nine | August 6, 2009 | 4560 | $20,000.00 | Steve Standridge Insurance |
| Ten | August 6, 2009 | 4561 | $25,000.00 | Seal & Hodge Insurance |

All in violation of Title 18, United States Code, Section 1957.

COUNT ELEVEN

A.     The Grand Jury hereby re-alleges Paragraphs A1-A6 of Count One and

incorporates them herein by reference.

B.     On or about August 19, 2009, in the Eastern District of Arkansas and elsewhere,

STEVEN ALAN STANDRIDGE

and Gregory A. Hunt, aiding and abetting one another, did knowingly execute and attempt to

execute a scheme and artifice to defraud Chambers Bank, a financial institution, by obtaining a

premium finance loan in the name of Quest Construction Company for which the stated collateral

insurance policy was never purchased with the proceeds of the loan.

All in violation of Title 18, United States Code, Sections 1344 and 2.

7

<u>COUNT TWELVE</u>

On or about April 27, 2009, in the Eastern District of Arkansas and elsewhere,

STEVEN ALAN STANDRIDGE

knowingly made a false statement and report for the purpose of influencing in any way the action

of Chambers Bank, a financial institution whose deposits are insured by the Federal Deposit

Insurance Corporation for the purpose of obtaining a loan; to wit, a forged and false

subordination agreement which purported to release First Service Bank's security interest in the

assets of Steve Standridge Insurance, Inc.

All in violation of Title 18, United States Code, Section 1014.

(END OF TEXT.  SIGNATURE PAGE ATTACHED.)